STEVEN S ROSENTHAL (SBN 83753)
JONATHAN SEIGEL (SBN 168224)
Law Office of Steven S Rosenthal
1388 Sutter Street, Suite #521
San Francisco, CA 94109-5452
Tel/Fax: (415) 928-7300

Attorneys for Cross-Claimants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA CAMALO,<br><br>            Plaintiff,<br><br>    vs.<br><br>FUKUSUKE RESTAURANT, et al.,<br><br>            Defendants.<br>_____<br>HITOMI NASASU, WARREN H. NAKASU,<br>& SHOJI NAKASU<br><br>            Cross-Claimants,<br><br>    vs.<br><br>PINE LANE APARTMENTS, LLC,<br><br>            Cross-Defendant. | CASE NO. C-03-0575 PJH (ADR)<br><br>**FIRST AMENDED CROSS CLAIM OF DEFENDANTS HITOMI NASASU, WARREN H. NAKASU, & SHOJI NAKASU** |

First
Amended
Cross
Claim.wpd

Cross-Claimants HITOMI NASASU, WARREN H. NAKASU, & SHOJI NAKASU allege as follows:

### FIRST CAUSE OF ACTION
(Equitable Indemnity)

1.      Cross-Claimants deny that Plaintiff has been damaged or that they are in any manner responsible for Plaintiff's damages, if any, as set forth in the Complaint.  If Cross-Claimants are found liable to Plaintiff as a result of the transaction, incidents and occurrences described in Plaintiff's Complaint, Cross-Claimants' liability would be based solely upon a derivative form of liability not resulting from their conduct, but only from an obligation imposed upon them by law derivative from or concurrent with the acts and liability of Cross-Defendant **PARK LANE APARTMENTS, LLC**.

2.       If Cross-Claimants are found liable to Plaintiff as a result of the transaction, incidents and occurrences described in Plaintiff's Complaint, Cross-Defendant has an equitable duty to indemnify Cross-Claimants either totally or in proportion to the relative degree of fault of each party to this action.

### SECOND CAUSE OF ACTION
(Contribution)

3.      Cross-Claimants reallege and reincorporate herein the allegations of Paragraphs 1 and 2 above as though fully set forth by this reference.

4.      In the event that both Cross-Claimants and Cross-Defendant are found to be liable to Plaintiff for any or all of the alleged damages as set forth in Plaintiff's Complaint, Cross-Defendant should be required to pay a share of the judgment which is in proportion to its comparative fault and to reimburse Cross-Claimants for any payments they make to Plaintiff in excess of Cross-Claimants' proportional share of fault to Plaintiff.

### THIRD CAUSE OF ACTION
(Deceit)

5.      Cross-Claimants HITOMI & SHOJI NAKASU are lessees of the real property commonly known as and situated at 45 Caledonia Street, Sausalito, California ("the premises") pursuant to a written lease with Cross-Defendant.  Under the lease, Cross-Claimants are allowed to use the premises only as a restaurant.

//

6.      Prior to leasing the premises to Cross-Claimants HITOMI & SHOJI NAKASU, Cross-Defendant represented that the premises was appropriate for use as a restaurant and failed to disclose that in 1974 the premises had undergone substantial construction and modifications.

7.      Plaintiff alleges that construction and modifications undertaken by Cross-Defendant triggered applicability of certain disability discrimination laws.  Plaintiff further alleges that Cross-Claimants and Cross-Defendant must undertake certain modifications and alterations to the premises to comply with said disability discrimination laws.

8.      Cross-Defendant had a legal duty to disclose to Cross-Claimants HITOMI & SHOJI NAKASU that it had undertaken construction and modifications which could trigger application of disability discrimination laws.

9.       Cross-Defendant had prior knowledge of said construction and modifications.

10.      By concealing and failing to disclose these facts, Cross-Defendant intended to induce Cross-Claimants HITOMI & SHOJI NAKASU into leasing the premises.

11.      By reason of Cross-Defendant's concealment, Cross-Claimants HITOMI & SHOJI NAKASU were induced into leasing the premises.

12.      As a proximate result of Cross-Defendant's concealment, Cross-Claimants  HITOMI & SHOJI NAKASU have suffered damages, including, but not limited to, those associated with the instant lawsuit.

### FOURTH CAUSE OF ACTION
(Mutual Mistake)

13.      Cross-Claimants reallege and reincorporate herein the allegations of Paragraphs 5 and 7 above as though fully set forth by this reference.

14.      Cross-Claimants HITOMI & SHOJI NAKASU and Cross-Defendant mistakenly believed at the time of the lease's execution that the premises could be used as a restaurant without alterations to comply with disability discrimination laws.

15.      The ability to operate the premises as a restaurant without alterations was a basic and material fact which induced Cross-Claimants HITOMI & SHOJI NAKASU into leasing the premises.

//

**FIRST AMENDED CROSS CLAIM OF DEFENDANTS HITOMI NASASU, WARREN H. NAKASU, & SHOJI NAKASU**

16.     As a result of mutual mistake of the parties to the lease that the premises could be used as a restaurant without alterations to comply with disability discrimination laws, the lease agreement is voidable.

## FIFTH CAUSE OF ACTION
### (Unilateral Mistake)

17.     Cross-Claimants reallege and reincorporate herein the allegations of Paragraphs 5, 7, and 15 above as though fully set forth by this reference.

18.     Cross-Claimants HITOMI & SHOJI NAKASU mistakenly believed at the time the lease was entered into that the premises could be used as a restaurant without alterations to comply with disability discrimination laws.

19.     The effect of Cross-Claimants' mistake is such that enforcement of the lease against Cross-Claimants  HITOMI & SHOJI NAKASU would be unconscionable.

20.     As a result of Cross-Claimants' mistake that the premises could be used as a restaurant without alterations, the lease agreement is voidable.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

21.     Cross-Claimants reallege and reincorporate herein the allegations of Paragraphs 5 through 12 above as though fully set forth by this reference.

22.     An actual controversy has arisen and now exists between Cross-Claimants and Cross-Defendant concerning the parties' responsibility to pay for alterations, additions, improvements, and the like, to the premises if required to comply with accessibility laws.  Cross-Complainants contend that Cross-Defendant is responsible for paying for any such work, and Cross-Defendant contends that Cross-Complainants are responsible for paying for any such work.

23.     Cross-Complainants desire a judicial determination of their rights and a declaration as to whether Cross-Defendant, and not Cross-Complainants, must pay for alterations, additions, improvements, and the like, to the premises if required to comply with accessibility laws.

//

//

24.     A judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights with regard to financial responsibility to pay for alterations, additions, improvements, and the like, to the premises if required to comply with accessibility laws.

### SEVENTH CAUSE OF ACTION
(Unfair Competition Law)

25.     Cross-Claimants reallege and reincorporate herein the allegations of Paragraphs 5 through 12 above as though fully set forth by this reference.

26.     Cross-Claimants bring this action under Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.*, on behalf of the general public and as private citizens affected by the conduct described in this First Amended Cross-Claim.

27.     At all times relevant herein, Cross-Defendants were conducting business under the laws of the State of California.  In conducting said business, Cross-Defendants were obligated to comply with Federal and State law.

28.     Cross-Defendants' conduct was unlawful, unfair, fraudulent, and deceptive. Additionally, Cross-Claimants are informed and believe and thereon allege that Cross-Defendants regularly engage in substantially the same conduct in their dealings with their other tenants and the general public.

29.     As direct, foreseeable, and proximate cause of said Cross-Defendants' conduct as described herein, Cross-Claimants have suffered damages in an amount to be proven at trial.

30.     As direct, foreseeable, and proximate cause of conduct of Cross-Defendants similar to that described herein, Cross-Defendants' other tenants and the general public have suffered damages in an amount to be proven at trial.

WHEREFORE, Cross-Claimants pray for judgment against Cross-Defendant as follows:

On the First Cause of Action:

1.     Total and complete indemnity for any judgment rendered against Cross-Claimants;

2.     Reasonable costs and attorneys fees;

3.     Costs of suit herein incurred; and

**FIRST AMENDED CROSS CLAIM OF DEFENDANTS HITOMI NASASU, WARREN H. NAKASU, & SHOJI NAKASU**

1        4.        Any further relief that the court may deem just and equitable.

2        On the Second Cause of Action:

3        1.        Judgment in a proportionate share from each cross-defendant;

4        2.        Costs of suit herein incurred; and

5        3.        Any further relief that the court may deem just and equitable.

6        On the Third Cause of Action:

7        1.        A finding that the lease is void and rescinded;

8        2.        Special damages;

9        3.        Costs of suit herein incurred; and

10        4.        Any further relief that the court may deem just and equitable.

11        On the Fourth and Fifth Causes of Action:

12        1.        A finding that the lease is void and rescinded;

13        2.        Consequential damages;

14        3.        Costs of suit herein incurred; and

15        4.        Any further relief that the court may deem just and equitable.

16        On the Sixth Cause of Action:

17        1.        For a Judicial determination and declaration that Cross-Defendant, and not Cross-

18  Complainants, must pay for alterations, additions, improvements, and the like, to the premises if

19  required to comply with accessibility laws;

20        2.        Costs of suit herein incurred; and

21        3.        Any further relief that the court may deem just and equitable.

22        On the Seventh Cause of Action:

23        1.        For an order requiring Cross-Defendants to show cause, if any, why they should

24  not be enjoined as set forth below, during the pendency of this action;

25        2.        For a temporary restraining order, a preliminary injunction, and a permanent

26  injunction restraining and enjoining Cross-Defendants from continuing their unfair, fraudulent and

27  misleading conduct as described herein;

28

**FIRST AMENDED CROSS CLAIM OF DEFENDANTS HITOMI NASASU, WARREN H. NAKASU, & SHOJI NAKASU**

3.      That Cross-Defendants be ordered to restore to Cross-Claimants, to Cross-Defendants' other tenants, and to the pubic all funds acquired through said unfair, unlawful, fraudulent and misleading conduct and to provide an accounting of said funds;

4.      Compensatory damages according to proof; and

5.      Reasonable costs of suit and attorneys' fees.

DATED: September 17, 2003

LAW OFFICE OF STEVEN S ROSENTHAL


By:_____
          Jonathan Seigel,
          Attorneys for Cross-Claimants

**FIRST AMENDED CROSS CLAIM OF DEFENDANTS HITOMI NASASU, WARREN H. NAKASU, & SHOJI NAKASU**